**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID CHARLES REDMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Case No. 14-CV-210-GKF-FHM** |
| | ) | |
| JANET DOWLING, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus (Dkt. # 5). Petitioner, a state inmate appearing pro se, failed to file a response to the motion to dismiss. Respondent's motion to dismiss is premised on 28 U.S.C. § 2254(b) (requiring a petitioner to exhaust available state court remedies prior to filing petition for writ of habeas corpus). For the reasons discussed below, the Court finds that Petitioner failed to exhaust state remedies before commencing this federal habeas action. Therefore, Respondent's motion to dismiss is granted and the petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

## *BACKGROUND*

On June 11, 2008, Petitioner David Charles Redmon was convicted on his pleas of guilty of Lewd Molestation (Count 1) and Public Intoxication (Count 3), entered in Tulsa County District Court, Case No. CF-2008-211.[1] See Dkt. # 6-1 at 1. On that date he was sentenced to eight (8)

---

[1]In an Amended Information, Plaintiff's co-defendant was charged with Lewd Molestation (Count 2), Public Intoxication (Count 4), and Outraging Public Decency (Count 5). See Dkt. # 6-1 at 4.

years imprisonment on Count 1, all time suspended, with Department of Corrections (DOC) supervision and sex offender registration, and with fines and costs. Id. On Count 3, Petitioner was directed to pay costs only. Id.

On June 24, 2008, Petitioner filed a motion to withdraw his pleas of guilty. Id. at 1-2. On July 17, 2008, the trial court held a hearing on the motion and denied the requested relief. Id. at 2. After requesting and obtaining a certiorari appeal out of time, Petitioner filed his petition for writ of certiorari on November 4, 2008. Id. On April 16, 2009, in Case No. C-2008-846, the Oklahoma Court of Criminal Appeals (OCCA) denied the petition. Id. During his plea proceedings, Petitioner was represented by attorney J. Brian Rayl.

The State filed an application to revoke suspended sentence in Tulsa County District Court, Case No. CF-2008-211, on November 29, 2010, alleging that Petitioner had failed to report to his probation officer and had been arrested for public intoxication in Rogers County. Id. at 3. Appellant confessed the application to revoke suspended sentence on October 17, 2011. Id. On October 24, 2012, the state district court granted the application to revoke and ordered Petitioner to serve eight (8) years in DOC custody. Id. at 4. During the revocation proceeding, Petitioner continued to be represented by attorney Rayl.

Petitioner filed an appeal from the revocation of his suspended sentence. Represented by attorney Richard Couch, he raised one proposition of error:

Proposition One: The trial court abused its discretion in revoking the whole eight years of Appellant's suspended sentence.

Id. By Order filed December 13, 2013, in Case No. RE-2012-1044, the OCCA affirmed the revocation of Petitioner's suspended sentence. (Dkt. # 6-2). Petitioner did not file an application for post-conviction relief following the OCCA's conclusion of his revocation appeal.

On May 2, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).  In his petition, Petitioner identifies one claim, as follows:

> Ground one:  Why did my public def. bring forth the proven evidence of inclusive [sic] DNA at my probation revocation.
> Ineffective counsel from court app. atty.

See Dkt. # 1 at 5.  Respondent argues that, because Petitioner did not raise his claim of ineffective assistance of counsel in his revocation appeal, the claim is unexhausted and the petition should be dismissed for failure to exhaust state remedies.

## ANALYSIS

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."  Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is based on the doctrine of comity.  Rose v. Lundy, 455 U.S. 509, 518-19 (1982).  Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

The burden of proving exhaustion rests with the prisoner. See Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman, 501 U.S. at 731-32. If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); accord Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability . . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

After a review of the petition and the state record provided by Respondent, the Court finds Petitioner failed to present his claim of ineffective assistance of counsel to the state courts prior to commencing this federal habeas action and the claim is unexhausted.[2] In addition, Petitioner has

---

[2]As noted by Respondent, see Dkt. # 6 at 2 n.1, Petitioner's description of his habeas claim is somewhat vague. However, he clearly alleges that he received ineffective assistance of counsel from his court appointed attorney and references his "probation revocation," see Dkt. # 1 at 5. Therefore, the Court finds the claim challenges the effectiveness of the representation provided by counsel at Petitioner's revocation hearing. That claim was not presented to the OCCA on revocation appeal and is unexhausted.

an available state court remedy for his claim of ineffective assistance of counsel: he may present the claim in an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2008-211.  Under state law, Petitioner will be required to demonstrate "sufficient reason" for his failure to raise the claim of ineffective assistance of counsel on revocation appeal.  Okla. Stat. tit. 22, § 1086 (providing that "[a]ny ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application").  Should the state district court deny the requested relief, Petitioner must perfect a post-conviction appeal to the OCCA to complete the exhaustion process. Should the OCCA affirm the denial of post-conviction relief, Petitioner may then file a new petition for writ of habeas corpus in this federal court raising only exhausted claims. Any new federal petition must be filed within the time remaining in the one year limitations period, if any.  See 28 U.S.C. § 2244(d).[3]

In summary, the single claim raised in this petition is unexhausted.  Therefore, Respondent's motion to dismiss based on Petitioner's failure to exhaust state remedies shall be granted.  The petition shall be dismissed without prejudice.  Should Petitioner return to state court to seek post-conviction relief on his unexhausted claim, as set forth above, and fail to obtain relief from the OCCA at the conclusion of his post-conviction appeal, he may promptly file a new federal petition

---

[3]Petitioner is advised that the one-year period applicable to federal habeas corpus petitions has **not** been tolled, or suspended, during the pendency of this federal habeas corpus action.  See § 2244(d)(2); Duncan v. Walker, 533 U.S. 167 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)).

for writ of habeas corpus in this Court raising any claim he has fairly presented to the OCCA. Should Petitioner file a new habeas corpus action, he must do so within the time remaining in his one year limitations period as prescribed under 28 U.S.C. § 2244(d), if any.

## *CERTIFICATE OF APPEALABILITY*

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Respondent's motion to dismiss based on failure to exhaust state remedies (Dkt. # 5), is

        **granted**.

2.      The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure

        to exhaust state remedies.

3.      A certificate of appealability is **denied**.

4.      A separate judgment shall be entered in this matter.

        **DATED** this 15th day of October, 2014.

                                        GREGORY K. FRIZZELL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT